UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Z. CRUME, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0723 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Complaint

Before the court could screen the original complaint, plaintiff filed an amended complaint. ECF No. 7. The court will therefore proceed with screening the first amended complaint.

The first amended complaint alleges that defendants Crume, Riley, Lindquist, Hernandez, Lynch, Hess, Nappen, and Pocter, as well as Doe defendants I-X, violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. Id. at 7-15, 23-28. However, while plaintiff makes a number of factual allegations, only a few involve conduct by the named defendants. Specifically, plaintiff alleges that on one occasion he requested law library access and defendant Lindquist told him that he was scheduled for the law library in a week, while on another occasion she granted him PLU access but later denied him library access for thirty days. Id. at 17, 23 ¶¶ 30, 69. Plaintiff also asserts that defendants Nappen and Pocter retaliated against him by searching his cell and taking his exhibits, id. at 20, ¶ 56, and makes further allegations that Nappen violated his due process rights by remaining in a room while he was interviewed about a Prison Rape Elimination Act (PREA) claim, searched his legal work without cause, told plaintiff to shut up and commented on his criminal case, and retaliated against him in an unspecified manner, id. at 21-22, ¶¶ 57, 60, 61, 67.

////

IV. <u>Failure to State a Claim</u>

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation of rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The complaint fails to allege any specific conduct by defendants Crume, Riley, Hernandez, Lynch, and Hess, or by any of the Doe defendants. Furthermore, the few allegations that plaintiff makes against Lindquist, Nappen, and Pocter are insufficient to support any kind of claim since there are no facts demonstrating how Lindquist's conduct interfered with plaintiff's access to the courts, what protected conduct prompted the retaliation by Nappen and Pocter, or what due process plaintiff was denied when Nappen remained in the room during his PREA interview.

Plaintiff also makes conclusory assertions about a conspiracy between all defendants. ECF No. 7 at 26-28. However, to state a conspiracy claim he cannot simply state that defendants conspired against him; plaintiff must instead allege facts demonstrating that there was a meeting of the minds to violate his rights, <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002) (quoting <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (internal quotation marks omitted), and that he suffered an actual deprivation of his constitutional rights as a result of the conspiracy, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)). Mere joint employment by the California Department of Corrections and Rehabilitation and the conclusory allegation that defendants conspired to violate plaintiff's rights is insufficient to establish the common objective required for a conspiracy or that his rights were violated as a result.

Finally, the court notes that plaintiff has attached approximately eighty pages of exhibits to his first amended complaint. ECF No. 7 at 34-113. The court will not sift through plaintiff's exhibits and attempt to decipher what specific claims he may be attempting to make against

////

which defendants. Any claims that plaintiff wants to make need to be explained by plaintiff in his own words as part of the complaint.

For these reasons, the first amended complaint is subject to dismissal and will not be served. Instead, plaintiff will be granted leave to amend.

V.     Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any previous complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original and any previous amended complaints no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In the event plaintiff chooses to amend the complaint, he should keep the following standards in mind. To state a claim for denial of access to the courts, plaintiff must show that he was prevented from pursuing a non-frivolous claim in either a direct criminal appeal, habeas petition, or civil rights action. Lewis v. Casey, 518 U.S. 343, 351-52, 354 (1996). He must also

allege facts showing that he suffered an actual injury, id. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994), and "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it," Christopher v. Harbury, 536 U.S. 403, 417-18 (2002) (footnote omitted).

A retaliation claim must include:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff cannot simply state that defendants conduct was retaliatory, he must allege enough facts to show that each defendant's action was taken because of his protected conduct.

To state a due process claim, plaintiff must show that the condition complained of imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

Finally, "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff is also advised that he may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). He may also join multiple defendants if the claims against them arise from the same transaction, occurrence, or series of transactions or occurrences and there is a

6

question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). In other words, plaintiff can make as many claims against a single defendant as he wants, but if he wants to bring claims against more than one defendant, the claims against the defendants must be related to each other.

If plaintiff fails to file an amended complaint, the undersigned will recommend dismissal of the action for failure to state a claim jupon which relief can be granted. 28 U.S.C. § 1915A(b).

VI.     Request for Order of Protection

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Because the complaint in its present form fails to state any claim upon which relief can be granted, as explained above, plaintiff cannot show that he has a likelihood of success on the merits, much less that the law and facts clearly favor his position. Furthermore, it is unclear exactly whose conduct plaintiff seeks to enjoin. To the extent he seeks an order to enjoin conduct directed at his family members, they are not parties to this action and plaintiff cannot represent

////

their interests. Plaintiff's family members are free to seek legal redress independently of this action.

Finally, plaintiff's motion was filed while he was housed at the California State Prison-Sacramento, and though it is not clear, appears to seek to enjoin conduct by officers at that prison. Plaintiff has since filed a notice of change of address showing that he has been transferred to the California Medical Facility. ECF No. 8. An inmate's transfer from a prison facility generally moots claims for injunctive relief against officials of that facility. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Therefore, to the extent plaintiff seeks to enjoin the conduct of individuals at the California State Prison-Sacramento, his claims for relief are moot in light of his transfer to the California Medical Facility and the absence of evidence that he will be subject to those conditions again

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that the facts you have alleged are not enough to state a claim for relief. Therefore, the complaint will not be served. You are being given the chance to file an amended complaint, and if you do not do so, the magistrate judge will recommend that the case be dismissed. An amended complaint needs to explain what each defendant did or did not do that you believe violated your rights. You cannot just say that defendants violated your rights or that they conspired to violate your rights.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the

\\\\

original or first amended complaints. Any claims and information not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint fails to state a claim for relief and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 6, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE